UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA TINGEY, et al., § § Plaintiffs, § § v. § TRANSWORLD SYSTEMS, INC., et § al., § § Defendants. § | Case No. 5:18-cv-11980-JEL-SDD |

## TRANSWORLD SYSTEMS INC.'S ANSWER
## AND AFFIRMATIVE DEFENSES TO COMPLAINT

COMES NOW Defendant, Transworld Systems Inc. ("TSI"), through undersigned counsel, and responds to the Proposed Class Action Complaint and Jury Demand (Docket Entry No. 1) filed by Plaintiffs, Jessica Tingey, William E. Dudgeon and Travoney Harris, as follows:

### I. PRELIMINARY STATEMENT

1.  TSI admits Plaintiffs bring this action upon purported violations of the FDCPA, the RCPA and the MOC, but denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 1 of the Complaint. Except as specifically admitted, TSI denies the allegations in ¶ 1.

### II. STATEWIDE ALLEGATIONS AGAINST THE DEFENDANTS

2.  TSI denies the allegations in ¶ 2 of the Complaint, including all bulleted sub-parts thereto.

3.  TSI denies the allegations in ¶ 3 of the Complaint.

1

4. TSI denies the allegations in ¶ 4 of the Complaint.

5. TSI denies the allegations in ¶ 5 of the Complaint.

6. TSI denies the allegations in ¶ 6 of the Complaint.

7. TSI denies the allegations in ¶ 7 of the Complaint.

8. TSI denies the allegations in ¶ 8 of the Complaint.

9. TSI denies the allegations in ¶ 9 of the Complaint.

10. TSI denies the allegations in ¶ 10 of the Complaint.

### III. GENERAL PLEADINGS

11. Exhibit 1 speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 11 of the Complaint state otherwise, they are denied.

12. TSI denies the allegations in ¶ 12 of the Complaint.

13. TSI denies the allegations in ¶ 13 of the Complaint.

14. The allegations in ¶ 14 of the Complaint are not directed toward TSI, and, therefore, no answer is required. To the extent a response is deemed to be necessary, TSI denies the allegations for lack of sufficient information to justify a reasonable belief therein.

15. The allegations in ¶ 15 of the Complaint are not directed toward TSI, and, therefore, no answer is required. To the extent a response is deemed to be necessary, Exhibit 8 speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 15 state otherwise, they are denied.

16. TSI denies the statements in ¶ 16 of the Complaint as calling for legal conclusion.

17. TSI denies the allegations in ¶ 17 of the Complaint.

18. Exhibit 10 speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 18 of the Complaint state otherwise, they are denied.

19. Exhibit 11 speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 19 of the Complaint state otherwise, they are denied.

20. TSI denies the first sentence of ¶ 20 of the Complaint as calling for a legal conclusion. Except as specifically denied, TSI denies the allegations in ¶ 20.

21. Exhibit 12 speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 21 of the Complaint state otherwise, they are denied.

22. TSI denies the allegations in ¶ 22 of the Complaint.

23. The allegations in ¶ 23 of the Complaint are not directed to TSI. To the extent a response is deemed to be necessary, TSI denies the allegations in ¶ 23.

## IV. PARTIES

24. TSI admits it is a foreign corporation with an office in California. TSI further admits part of its business is the collection of debts. Except as specifically admitted, TSI denies the allegations in ¶ 24 of the Complaint.

25. The allegations in the first sentence of ¶ 25 of the Complaint are not directed to TSI, and, therefore, no answer is required. To the extent a response is deemed to be necessary, TSI denies the allegations in the first sentence of ¶ 25 for lack of sufficient information to justify a reasonable belief therein. Except as specifically denied, TSI denies the allegations in ¶ 25 as calling for a legal conclusion.

26. The allegations in ¶ 26 of the Complaint are not directed to TSI, and, therefore,

no answer is required. To the extent a response is deemed to be necessary, TSI denies the allegations in ¶ 26 for lack of sufficient information to justify a reasonable belief therein.

27. The allegations in the third sentence of ¶ 27 of the Complaint are not directed to TSI, and, therefore, no answer is required. To the extent a response is deemed to be necessary, TSI denies the allegations in the third sentence of ¶ 27 for lack of sufficient information to justify a reasonable belief therein. Except as specifically denied, TSI denies the allegations in ¶ 27 as calling for a legal conclusion.

28. The allegations in the second sentence of ¶ 28 of the Complaint are not directed to TSI, and, therefore, no answer is required. To the extent a response is required, TSI denies the allegations in the second sentence of ¶ 28 for lack of sufficient information to justify a reasonable belief therein. Except as specifically denied, TSI denies the allegations in ¶ 28 as calling for a legal conclusion.

29. TSI denies the allegations in the first independent clause of ¶ 29 of the Complaint for lack of sufficient information to justify a reasonable belief therein. Except as specifically denied, TSI denies the statements in ¶ 29 as calling for legal conclusion.

30. TSI denies the allegations in the first independent clause of ¶ 30 of the Complaint for lack of sufficient information to justify a reasonable belief therein. Except as specifically denied, TSI denies the statements in ¶ 30 as calling for legal conclusion.

31. TSI denies the allegations in the first independent clause of ¶ 31 of the Complaint for lack of sufficient information to justify a reasonable belief therein. Except as specifically denied, TSI denies the statements in ¶ 31 as calling for legal conclusion.

## V. JURISDICTION AND VENUE

32.     Upon information and belief, TSI admits this Court has jurisdiction and venue is proper.  Except as specifically admitted, TSI denies the allegations in ¶ 32 of the Complaint.

33.     Upon information and belief, TSI admits this Court has jurisdiction and venue is proper.  Except as specifically admitted, TSI denies the allegations in ¶ 33 of the Complaint.

34.     Upon information and belief, TSI admits venue is proper.  Except as expressly admitted, TSI denies the allegations in ¶ 34 of the Complaint.

## VI. STATUTORY STRUCTURE
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

35.     The FDCPA speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 35 of the Complaint state otherwise, they are denied.

36.     TSI denies the first sentence of ¶ 36 of the Complaint as calling for a legal conclusion.  Except as specifically denied, TSI avers that the FDCPA speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 36 state otherwise, they are denied.

37.     The FDCPA speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 37 of the Complaint state otherwise, they are denied.

38.     The FDCPA speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 38 of the Complaint state otherwise, they are denied.

39.     TSI admits that part of its business is the collection of debts.  Except as specifically admitted, TSI denies the statements in ¶ 39 of the Complaint as calling for a legal conclusion.

40. TSI denies the statements in ¶ 40 of the Complaint as calling for a legal conclusion.

41. TSI denies the statements in ¶ 41 of the Complaint as calling for a legal conclusion.

42. The FDCPA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 42 of the Complaint state otherwise, they are denied.

43. The FDCPA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 43 of the Complaint state otherwise, they are denied.

## **REGULATION OF MICHIGAN COLLECTION PRACTICES ACT (RCPA)**

44. The RCPA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 44 of the Complaint state otherwise, they are denied.

45. The RCPA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 45 of the Complaint state otherwise, they are denied.

46. The RCPA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 46 of the Complaint state otherwise, they are denied.

47. TSI denies the statements in ¶ 47 of the Complaint as calling for a legal conclusion.

48. The RCPA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 48 of the Complaint state otherwise, they are denied.

49. The RCPA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 49 of the Complaint state otherwise, they are denied.

50. TSI admits plaintiffs purport to seek damages on behalf of themselves and

others, but denies any violations, liability or wrongdoing under the law. Except as specifically admitted, TSI denies the allegations in ¶ 50 of the Complaint, including all subparts.

## MICHIGAN OCCUPATIONAL CODE (MOC)

51. The MOC speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 51 of the Complaint state otherwise, they are denied.

52. The MOC speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 52 of the Complaint state otherwise, they are denied.

53. The MOC speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 53 of the Complaint state otherwise, they are denied.

54. The MOC speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 54 of the Complaint state otherwise, they are denied.

55. The MOC speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 55 of the Complaint state otherwise, they are denied.

56. TSI denies the statements in ¶ 56 of the Complaint as calling for a legal conclusion.

57. TSI denies the statements in ¶ 57 of the Complaint as calling for a legal conclusion.

58. TSI denies the allegations in ¶ 58 of the Complaint.

59. The allegations in ¶ 59 of the Complaint are not directed toward TSI, and, therefore, no answer is required. To the extent a response is deemed to be necessary, TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 59.

60. TSI admits plaintiffs purport to seek injunctive relief and damages, but denies any violations, liability or wrongdoing under the law to the extent alleged in ¶ 60 of the Complaint. Except as specifically admitted, TSI denies the allegations in ¶ 60, including all sub-parts.

61. TSI denies the statements in ¶ 61 of the Complaint as calling for a legal conclusion.

## VII. FACTUAL ALLEGATIONS

62. The allegations in ¶ 62 of the Complaint are not directed toward TSI, and, therefore, no answer is required. To the extent a response is deemed to be necessary, TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 62.

63. TSI denies the allegations in ¶ 63 of the Complaint.

64. The allegations in ¶ 64 of the Complaint are not directed toward TSI, and, therefore, no answer is required. To the extent a response is deemed to be necessary, TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 64.

65. The allegations in ¶ 65 of the Complaint are not directed toward TSI, and, therefore, no answer is required. To the extent a response is deemed to be necessary, TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 65.

66. The pleadings on the official dockets of the lawsuits referenced in ¶ 66 of the Complaint speak for themselves and are the best evidence of their contents. To the extent the

allegations in ¶ 66 of the Complaint state otherwise, they are denied.

67. The allegations in ¶ 67 of the Complaint are not directed toward TSI, and, therefore, no answer is required. To the extent a response is deemed to be necessary, TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 67.

68. TSI denies the allegations in ¶ 68 of the Complaint.

69. TSI denies the allegations in ¶ 69 of the Complaint.

70. The allegations in ¶ 70 of the Complaint are not directed toward TSI, and, therefore, no answer is required. To the extent a response is deemed to be necessary, TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 70.

71. The allegations in ¶ 71 of the Complaint are not directed toward TSI, and, therefore, no answer is required. To the extent a response is deemed to be necessary, TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 71.

72. TSI denies the statements in ¶ 72 of the Complaint as calling for a legal conclusion.

73. The Complaints referenced in ¶ 73 of the Complaint speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 73 of the Complaint state otherwise, they are denied.

74. The allegations in ¶ 74 of the Complaint are not directed toward TSI, and, therefore, no answer is required. To the extent a response is deemed to be necessary, TSI

denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 74.

75. TSI denies the statements in ¶ 75 of the Complaint as calling for a legal conclusion.

76. The allegations in ¶ 76 of the Complaint are not directed toward TSI, and, therefore, no answer is required. To the extent a response is deemed to be necessary, TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 76.

77. The allegations in ¶ 77 of the Complaint are not directed toward TSI, and, therefore, no answer is required. To the extent a response is deemed to be necessary, TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 77.

78. TSI denies the allegations in ¶ 78 of the Complaint.

## VIII. CLASS ACTION ALLEGATIONS

79. TSI denies the allegations in ¶ 79 of the Complaint.

80. TSI admits that plaintiffs purport to bring this lawsuit as a class action as alleged in ¶ 80 of the Complaint, but denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 80, and further denies that this suit meets the requirements of a class action.

81. TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 81 of the Complaint, and further denies that this suit meets the requirements of a class action.

82. TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 82 of the Complaint, and further denies that this suit meets the requirements of a class action.

83. TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 83 of the Complaint, and further denies that this suit meets the requirements of a class action.

84. TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 84 of the Complaint, and further denies that this suit meets the requirements of a class action.

85. TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 85 of the Complaint, and further denies that this suit meets the requirements of a class action.

86. TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 86 of the Complaint, and further denies that this suit meets the requirements of a class action.

87. TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 87 of the Complaint, and further denies that this suit meets the requirements of a class action.

88. TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 88 of the Complaint, and further denies that this suit meets the requirements of a class action.

89. TSI denies any violations, liability, damages or wrongdoing under the law to

the extent alleged in ¶ 89 of the Complaint, and further denies that this suit meets the requirements of a class action.

90. TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 90 of the Complaint, and further denies that this suit meets the requirements of a class action.

91. TSI denies any violations, liability, damages or wrongdoing under the law to the extent alleged in ¶ 91 of the Complaint, and further denies that this suit meets the requirements of a class action.

## IX. CLAIMS FOR RELIEF

### Count 1-Fair Debt Collection Practices Act

92. TSI denies the allegations in ¶ 92 of the Complaint, including all subparts.

### Count 2-Michigan Collection Practices Act

93. TSI denies the allegations in ¶ 93 of the Complaint, including all subparts.

### Count 3-Moc Allegations For Actual Damages And Injunctive Relief

94. TSI denies the allegations in ¶ 94 of the Complaint, including all subparts.

## TSI'S AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from *bona fide* error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. TSI denies any liability; however, regardless of liability, plaintiffs have suffered no actual damages as a result of TSI's purported violations.

3. One or more claims asserted by one or more plaintiffs are barred by the statute

of limitations, laches, estoppel, waiver, and/or unclean hands.

4.     Assuming that plaintiffs suffered any damages, which is denied, they have failed to mitigate their damages or take other reasonable steps to avoid or reduce their damages.

5.     Any harm suffered by plaintiffs, which is denied, was legally and proximately caused by persons or entities other than TSI and were beyond the control or supervision of TSI or for whom TSI was and is not responsible or liable.

6.     One or more plaintiffs have failed to state a claim against TSI upon which relief may be granted.

7.     Plaintiffs fail in whole or in part to satisfy the requirements for class certification under Fed. R. Civ. P. 23.

WHEREFORE, Defendant, Transworld Systems Inc., requests the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

                    Respectfully Submitted

                    */s/ Morgan I. Marcus*
                    Morgan I. Marcus
                    Daniel W. Pisani
                    Sessions Fishman Nathan & Israel, LLC
                    120 South LaSalle Street, Suite 1960
                    Chicago, Illinois 60603-3651
                    Telephone:  (312) 578-0990
                    Facsimile:  (312) 578-0991
                    E-mail:  mmarcus@sessions.legal
                              dpisani@sessions.legal

                    Deborah A. Lujan
                    Collins, Einhorn, Farrell, PC
                    4000 Town Center

                                                    Suite 909
                                        Southfield, MI 48075-1473
                                              248-355-4141
                            Email: Deborah.Lujan@CEFLawyers.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of August, 2018, a true and correct copy of the **Transworld Systems Inc. Answer and Affirmative Response to Plaintiffs' Complaint** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                     */s/ Morgan I. Marcus*